UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE CARTER,** * | |
| **MARK CARTER** * | |
| * | |
| Plaintiffs, * | |
| * | **JURY DEMAND** |
| * | **CASE NUMBER:** |
| **HOMEWOOD SUITES MANAGEMENT, LLC,** * | |
| **APPLE SEVEN SERVICES NEW** * | |
| **ORLEANS, L.P., APPLE SERVICES** * | |
| **MANAGEMENT SERVICES NEW ORLEANS** * | |
| **GP, INC., APPLE REIT SIX, INC.,** * | |
| **ECOLAB, INC., AND FEDERAL INSURANCE** * | |
| **COMPANY** * | |
| * | |
| Defendants. * | |

# COMPLAINT

## THE PARTIES

1. The Plaintiff, Denise Carter, is an adult resident citizen over the age of nineteen years. She is a resident of Madison County, Alabama.

2. The Plaintiff, Mark Carter, is an adult resident citizen over the age of nineteen years. He is a resident of Madison County, Alabama.

3. The Defendant, HOMEWOOD SUITES MANAGEMENT, LLC., is a foreign corporation by virtue of its being incorporated in a state other than Louisiana and also having its principal place of business in McLean, Virginia. The Defendant, HOMEWOOD SUITES MANAGEMENT, LLC, does business by agent in all areas of Louisiana, and is subject to the jurisdiction of this court.

1

4. The Defendant, APPLE SEVEN SERVICES NEW ORLEANS, L.P., is a foreign corporation by virtue of its being incorporated in a state other than Louisiana and also having its principal place of business in Richmond, Virginia.  The Defendant, APPLE SEVEN SERVICES NEW ORLEANS, L.P., does business by agent in all areas of Louisiana, and is subject to the jurisdiction of this court.

5. The Defendant, APPLE SEVEN MANAGEMENT SERVICES NEW ORLEANS GP, INC., is a foreign corporation by virtue of its being incorporated in a state other than Louisiana and also having its principal place of business in Richmond, Virginia.  The Defendant, APPLE SEVEN MANAGEMENT SERVICES NEW ORLEANS GP, INC., does business by agent in all areas of Louisiana, and is subject to the jurisdiction of this court.

6. The Defendant, APPLE REIT SIX, INC., is a foreign corporation by virtue of its being incorporated in a state other than Louisiana and also having its principal place of business in Richmond, Virginia.  The Defendant, APPLE REIT SIX, INC., does business by agent in all areas of Louisiana, and is subject to the jurisdiction of this court.

7. The Defendant, ECOLAB, INC., is a foreign corporation by virtue of its being incorporated in a state other than Louisiana and also having its principal place of business in St. Paul, Minnesota.  The Defendant, ECOLAB, INC., does business by agent in all areas of Louisiana, and is subject to the jurisdiction of this court.

8. The Defendant, FEDERAL INSURANCE COMPANY, is a foreign insurer with its principal place of business in the State of New Jersey, but doing business in the State of Louisiana and this district, and is subject to the jurisdiction of this court.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1)

because the plaintiffs and the defendant(s) are citizens of different states and the amount in controversy exceeds $75,000.00 and pursuant to 28 U.S.C. § 1391.

## STATEMENT OF THE FACTS

10. On or about November 7, 2011, Denise Carter traveled with her spouse Mark Carter on a business trip to New Orleans, Louisiana. The Carter's checked into the Homewood Suites at 901 Poydras Street in New Orleans, Louisiana.

11. On the morning of November 8, 2011, Mrs. Carter ate breakfast at the hotel with her spouse before he left for work. Mrs. Carter then proceeded to use the hotel gym facilities and afterwards used the indoor pool and hot tub. Mrs. Carter swam in the pool and then got in the hot tub.

12. On November 11, 2011, Mr. and Mrs. Carter checked out of the Homewood Suites, and traveled back to Huntsville, Alabama. They stopped and ate both lunch and dinner. Mrs. Carter ate lunch, but was too sick to eat dinner, because she was feeling nauseous. As soon as Mrs. Carter arrived home, she went straight to bed and began vomiting shortly thereafter.

13. On November 14, 2011, Denise Carter called her internist to get an appointment. Mrs. Carter had been sick all weekend. Her internist then referred her to Huntsville Hospital.

14. On November 14, 2011, Denise Carter was admitted to Huntsville Hospital, in Huntsville, Alabama with dehydration.

15. On November 15, 2011, Denise Carter was diagnosed with pneumonia, and was immediately treated with antibiotics.

16. On November 16, 2011, Denise Carter's respiratory distress worsened and she was placed in intensive care and placed on a ventilator.

17. On November 17, 2011, Denise Carter was diagnosed with Legionnaire's disease.

Denise Carter's treating physicians began aggressively treating her with specific antibiotics to treat the Legionella infection.

    18. On November 24, 2011, Denise Carter was removed from the ventilator and began breathing on her on again.

    19. On November 29, 2011, Denise Carter was released from Huntsville Hospital in Huntsville, Alabama.  As a proximate result of the negligence of the Defendants, Denise Carter suffered serious injuries and medical complications, which include but are not limited to the following:

- Fifteen days in Huntsville Hospital;
- Ten days in Intensive Care Unit;
- Eight days on a ventilator;
- Diminished lung function;
- Inhaler dependent;
- Neuropathy in extremities;
- Twelve weeks physical therapy;
- Mental anguish;
- Emotional distress; and
- Lost Wages.

    20. On December 15, 2011, the Louisiana Department of Public Health conducted a preliminary investigation into Mrs. Carter's infection with Legionella.

    21. The Louisiana Department of Public Health obtained maintenance records from the Homewood Suites for the month of November, 2011.

    22. The maintenance logs reflects that a contractor, Ecolab, was responsible for conducting

maintenance on the pool and hot tub at the Homewood Suites.

23. The operators log for the pool and hot tub for November 2011 reflect that maintenance was performed on November 5, 2011 at 8:00 a.m.

24. The operators log reflects that NO testing or monitoring of the pool or hot tub was performed on November 6, 2011 or November 7, 2011.  The next maintenance was performed the hot tub on November 8, 2011 at 2:30 p.m.  The November 5, 2011 and November 8, 2011 test revealed there was No free chlorine in the hot tub system.

<strong><u>COUNT ONE<br>
NEGLIGENCE<br>
OF HOMEWOOD SUITES MANAGEMENT, LLC,<br>
APPLE SEVEN SERVICES NEW ORLEANS, L.P.,<br>
APPLE SERVICES MANAGEMENT SERVICES NEW ORLEANS GP, INC.,<br>
APPLE REIT SIX, INC., AND ECOLAB, INC.</u></strong>

25. Plaintiffs reallege all the allegations in the foregoing paragraphs as if fully set forth herein.

26. On or about November 8, 2011, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., negligently operated the hotel and pool in such a manner as to cause the serious medical conditions suffered by Denise Carter.  Specifically, the Defendants negligently maintained the pool and/or hot tub, which allowed Legionella bacteria to flourish and subsequently infect Denise Carter when she used the hot tub, all in violation of LSA-C.C. arts. 2315, 2316, and 2317, and 2317.1.

27. As a proximate result of the negligence of the defendants, HOMEWOOD SUITES

MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., the Plaintiff suffered serious injury and medical complications.

28. WHEREFORE, Plaintiffs, DENISE CARTER and MARK CARTER, demand judgment against the Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., for compensatory damages in an amount to be determined by the jury.

## COUNT TWO
## NEGLIGENT TRAINING
## OF HOMEWOOD SUITES MANAGEMENT, LLC,
## APPLE SEVEN SERVICES NEW ORLEANS, L.P.,
## APPLE SERVICES MANAGEMENT SERVICES NEW ORLEANS GP, INC.,
## APPLE REIT SIX, INC., AND ECOLAB, INC.

29. Plaintiffs reallege all the allegations in the foregoing paragraphs as if fully set forth herein.

30. The Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., hired employees, and negligently failed to train them on the proper maintenance schedule and/or the proper maintenance procedures required for the safe operation of the hot tub and/or pool.

31. As a direct result of this negligent training, employees of HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., negligently maintained the hot tub, which caused and/or contributed to

Denise Carter's becoming infected with Legionnaire's Disease, in violation of LSA-C.C. art. 2320.

32. WHEREFORE, Plaintiffs, DENISE CARTER and MARK CARTER, demand judgment against the Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., for compensatory damages in an amount to be determined by the jury.

### COUNT THREE
### NEGLIGENT SUPERVISION
### OF HOMEWOOD SUITES MANAGEMENT, LLC,
### APPLE SEVEN SERVICES NEW ORLEANS, L.P.,
### APPLE SERVICES MANAGEMENT SERVICES NEW ORLEANS GP, INC.,
### APPLE REIT SIX, INC., AND ECOLAB, INC.

33. Plaintiffs reallege all the allegations in the foregoing paragraphs as if fully set forth herein.

34. The Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., negligently supervised their employees, during their employment with the Defendant. This negligent supervision allowed employees to negligently maintain the hot tub and/or pool located at the Homewood Suites. This negligent supervision of the employee that was directly responsible for the maintenance of the hot tub and/or pool caused and/or contributed to Denise Carter becoming infected with Legionnaire's Disease.

35. WHEREFORE, the Plaintiffs, DENISE CARTER and MARK CARTER, demand judgment against the Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES

NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., for compensatory damages in an amount to be determined by a jury.

## COUNT FOUR
## LOSS OF CONSORTIUM

36. Plaintiffs reallege all the allegations in the foregoing paragraphs as if fully set forth herein.

37. The Plaintiff, Mark Carter, due to the negligence of the Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., which caused serious injury and medical complications to his spouse, Plaintiff Denise Carter, and has suffered the loss of use, lost wages, loss of services, loss of society, the companionship and other affections of his wife all recoverable under LSA-C.C. arts. 2315, et seq. This loss of consortium is a direct result of the negligence of the employees of Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC.

38. That at all material times, the defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., and APPLE REIT SIX, INC., were insured by FEDERAL INSURANCE COMPANY, rendering the defendant, FEDERAL INSURANCE COMPANY, equally liable for all damages claimed herein

39. WHEREFORE, the Plaintiff, MARK CARTER, demands judgment against the Defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP,

8

INC., APPLE REIT SIX, INC., and ECOLAB, INC., for compensatory damages in an amount to be determined by a jury.

**WHEREFORE**, plaintiffs pray that the defendants, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., and ECOLAB, INC., be duly cited to appear and answer this complaint, and after due proceedings had, that there be judgment in favor of Paintiffs, Denise Carter and Mark Carter, and against defendant, HOMEWOOD SUITES MANAGEMENT, LLC, APPLE SEVEN SERVICES NEW ORLEANS, L.P., APPLE SERVICES MANGEMENT SERVICES NEW ORLEANS GP, INC., APPLE REIT SIX, INC., ECOLAB, INC. and FEDERAL INSURANCE COMPANY, in an amount determined by a jury, in actual damages, together with legal interest thereon from date of judicial demand, and for all costs of these proceedings and for all general and equitable relief required herein.

Plaintiffs further pray for a trial by jury.

        Respectfully submitted:

        **SHEARMAN~DENENEA, L.L.C.**

BY: **/s/ John H. Denenea, Jr.**
        **JOHN H. DENENEA, JR. (#18861)**
        **BRIAN G. SHEARMAN (#19151)**
        4240 Canal Street
        New Orleans, LA  70119
        Telephone:  (504) 304-4582
        Fax: (504) 304-4587
        *Attorneys for Plaintiffs, Denise and Mark Carter*

**PLEASE SERVE:**

**HOMEWOOD SUITES MANAGEMENT, LLC**
**THROUGH ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**320 SOMERULOUS STREET**
**BATON ROUGE, LA 70802-6129**

**APPLE SEVEN SERVICES NEW ORLEANS, L.P.**
**THROUGH ITS REGISTERED AGENT**
**C T CROPORATION SYSTEM**
**5615 CORPORATE BLVD., STE. 400 B**
**BATON ROUGE, LA 70808**

**APPLE SERVICES MANAGEMENT SERVICES**
 **NEW ORLEANS GP, INC.**
**THROUGH ITS REGISTERED AGENT**
**C T CROPORATION SYSTEM**
**5615 CORPORATE BLVD., STE. 400 B**
**BATON ROUGE, LA 70808**

**APPLE REIT SIX, INC.**
**CT CORPORATION SYSTEM**
**4701 COX RD STE 301**
**GLEN ALLEN, VIRGINIA   23060-6802**

**ECOLAB, INC.**
**THROUGH ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**320 SOMERULOUS STREET**
**BATON ROUGE, LA 70802-6129**

**FEDERAL INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**TOM SCHEDLER**
**85885 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**